# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00880-NYW

PACIFIC SPECIALTY INSURANCE COMPANY,
a California corporation,

      Plaintiff,

v.

SAVANNA POIRIER, and
JASON MENDOZA,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Plaintiff Pacific Specialty Insurance Company's ("Plaintiff" or "Pacific Specialty") Plaintiff's Motion to Amend the Complaint ("the Motion" or "the Motion to Amend"). [#39, filed May 28, 2019]. The Motion to Amend is before the undersigned Magistrate Judge pursuant to the Order Referring Case dated July 10, 2018 [#17] and the Memorandum [#40] May 28, 2019. Defendants have not filed a Response to the Motion to Amend, and the time to do so has lapsed. Accordingly, the court proceeds with the Motion as briefed. D.C.COLO.LCivR 7.1(d). After carefully reviewing the Motion, the case file, and the applicable law, I respectfully **RECOMMEND** that the Motion to Amend be **GRANTED**.

**BACKGROUND**

Plaintiff filed this case on April 13, 2018, seeking a declaratory judgment that Pacific Specialty was not liable under an insurance policy issued to Defendant Mendoza for an ATV accident that occurred in Loveland, Colorado. *See generally* [#1]. The insurance policy ("the Policy") covered the property at 615 Suntrail Drive in Loveland ("the Property"). [*Id.* at ¶ 26]. Plaintiff seeks relief, in part, on the basis that the location of the ATV accident was not covered under the Policy. [*Id.* at ¶ 27]. Defendants filed an Answer [#19] and the case proceeded to a Scheduling Conference on August 28, 2018 after several unrelated delays. The Scheduling Order provided that the deadline to seek joinder of parties or amendment of pleadings was October 12, 2018. [#24 at 6].

Several months later, Plaintiff moved for summary judgment. [#26]. The parties then sought several different extensions of time and modifications to the Scheduling Order which were granted. [#28; #31; #32; #33; #35]. None of these, however, dealt with the deadline to amend pleadings. [*Id.*]. Several months later, Plaintiff filed the instant Motion to Amend. [#39]. Under Local Rule 7.1(d), Defendants had twenty-one days in which to respond. That deadline lapsed on June 18, 2019 with no response. Accordingly, the court proceeds solely considering the Motion which is nominally opposed per the certificate of conferral.

**LEGAL STANDARD**

The deadline to amend pleadings has long since passed, and accordingly, this court must engage in a two-step analysis in determining whether amendment at this juncture is proper under both Rule 16(b)(4) and Rule 15 of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16(b) provides that

a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch,* 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases. *Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004); *see, e.g.*, *id.* (futile because claim was subject to statute of limitations); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (futile for failure to allege all elements of cause of action); *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1200 (10th Cir. 2006) (futile because amended claim would seek relief barred by

statute). In considering whether an amendment is futile, courts apply the same standard used to evaluate a claim under Rule 12(b)(6), accepting well-pleaded facts as true and reviewing solely to determine if the Complaint states a plausible claim for relief as amended. *Weingarden v. Rainstorm, Inc.*, No. 09-2530-JWL, 2012 WL 13026753, at *1 (D. Kan. July 12, 2012). The decision to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996). The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009).

**ANALYSIS**

Plaintiff argues that amendment is appropriate here because Plaintiff only recently learned that Defendant Mendoza misrepresented a material fact in obtaining his insurance policy with Pacific Specialty. [#39 at 1]. Specifically, Defendant Mendoza stated in a May 16, 2019 deposition that he began renting the Property "since the beginning, since [he] purchased the house." [#39-9 at 7]. This directly conflicts with the representations made in obtaining the Policy from Plaintiff where he asserted that the Property was his "primary residence." [#39-1 at 3; #39-2; #39-3]. Plaintiff seeks to add claims for recession and breach of contract based on these misrepresentations. The court finds that the amendment has been timely pursued with due diligence because Mr. Mendoza's deposition occurred on May 16, 2019 and Plaintiff thereafter promptly sought amendment on May 28, 2019. Thus, the court finds that there is good cause for the modification of the Scheduling Order under Rule 16(b)(4). In addition, absent any objection by Defendants and clear deficiency in the proposed Amended Complaint, this court further finds

that the proposed amendment is appropriate under the standards of Rule 15. *Corp. Stock Transfer*, 663 F. Supp. 2d at 1061 ("The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice.").

## CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that Plaintiff Pacific Specialty Insurance Company's Plaintiff's Motion to Amend the Complaint [#39] be **GRANTED**.[1]

DATED: July 8, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).